THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

JOANNE JOHNSON,

   Plaintiff

-vs-

                                                  CASE NO.:

ENHANCED RECOVERY COMPANY, LLC.,

   Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and 1337. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

3.    The alleged violations described in the Complaint occurred in Polk County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

5.    Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3) and Florida Statute 559.55(2).

6.    Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Enhanced Recovery Company, LLC., (hereinafter "ERC"), is a corporation and a citizen of the State of Delaware with its principal place of business at 8014 Bayberry Road, Jacksonville, FL, 32256.

9. Defendant ERC is a "debt collector" as defined by 15 U.S.C §1692(a)(6) and Florida Statute §559.55(3).

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11. Defendant ERC called the Plaintiff approximately one hundred and fifty times (150) times over a year, in an attempt to collect a debt.

12. Defendant, ERC, attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Defendant ERC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

15. Each call the Defendant ERC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17. Plaintiff has been assigned telephone number (863) 838-7179 since early 2012.

18. In or about April 2012, Plaintiff began receiving calls to her cellular telephone, (863) 838-7179, from the Defendant, ERC, in which they sought to collect a debt from "Crystal Brooks".

19. In or about April 2012, Plaintiff informed the Defendant that she did not owe them any money, that she did not know "Crystal Brooks", and requested he be taken off their call list.

20. On more than one occasion, Plaintiff answered Defendant's call and was met with an automated recording instructing her to "stay on the line to talk to a representative." Plaintiff would wait for a representative and informed the Defendant that she did not owe them any money, that she did not know "Crystal Brooks", and requested he be taken off their call list.

21. From April 2012, through June 2013, Defendant ERC continued to call Plaintiff's cellular phone, using an automatic telephone dialing system, for "Crystal Brooks." Despite actual knowledge, Plaintiff was not the correct party, the Defendant continued to contact the Plaintiff in an attempt to collect money.

22. In or about January 2013, Plaintiff answered one of Defendant's calls to her cellular telephone and informed them she was not "Crystal Brooks" and did not know "Crystal Brooks." The Defendant responded by telling the Plaintiff if she did not make a payment they were going to "put the FBI on [her]."

23. On more than one occasion, from January through May 2013, Plaintiff instructed Defendant that she was not "Crystal Brooks" and Defendant responded by calling her "a liar."

24. The continuing calls lead Plaintiff to believe that the Defendant is seeking payment from her, and the only way for the calls to stop is to pay the debt.

25. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

26. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

27. Defendant continued to call the Plaintiff every day per their corporate policy, from February 2013 through the filing of this complaint.

28. Plaintiff has received approximately one hundred and fifty (150) calls in total from the Defendant.

29. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

30. Defendant corporate policy and procedures provided no means for the Plaintiff to have his cellular number removed from the call list.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

32. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34.   None of Defendant, ERC's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35.   Defendants, ERC, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

36.   Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.   Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FDCPA)

38.   Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

39.   At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

40.   Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. Defendant has violated 15 U.S.C. §1692(d)(2) by using language the natural consequence of which is the abuse the hearer or reader.

42. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

43. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

44. Defendant has violated 15 U.S.C. §1692(e)(4) by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person.

45. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FCCPA)

46. Plaintiff incorporates Paragraphs one (1) through thirty-four (34).

47. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

48. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

49. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

50. Defendant has violated Florida Statute §559.72(8) by using profane, obscene, vulgar or willfully abusive language in communicating with the debtor or any member of her or his family.

51. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

52. Defendant has violated Florida Statute §559.72(10) by using communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not.

53. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/*Amanda J. Allen*
**William Peerce Howard, Esquire**
Florida Bar #: 0103330
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
aallen@forthepeople.com
*Attorneys for Plaintiff*